FILED _____ ENTERED
LODGED _____ RECEIVED

JAN 2 9 2009

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Carl Martin,

              Plaintiff,

v.

G.C. Services, LP,

              Defendant.

Civil Action No.: _____

RDB 09 CV 192

## COMPLAINT

For this Complaint, the Plaintiff, Carl Martin, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.     Plaintiff, Carl Martin (hereafter "Plaintiff"), is an adult individual residing at 1328 Myrtle Avenue, Apartment Two, Baltimore, Maryland 21217, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant G.C. Services, LP (hereafter "Defendant"), is a foreign limited partnership with an address of 6330 Gulfton, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.     The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.     Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.     Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.     The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.     The Defendant made telephone calls repeatedly, causing the phone to ring in Plaintiff's home on numerous occasions, in violation of 15 U.S.C. § 1692d(5).

10.     The Defendant contacted the Plaintiff's neighbors on more than once occasion and failed to state the reason for each call was to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1) and (b)(3).

11.     The Defendant attempted to contact the Plaintiff during unusual and inconvenient times, calling late at night, in violation of 15 U.S.C. § 1692c(a)(1).

12.     The Defendant did not validate the debt at any time, failing to send a 30-day validation notice within five days of the initial communication, in violation of 15 U.S.C. § 1692g(a)(1), g(a)(2), g(a)(3), g(a)(4) and g(a)(5).

13.     The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

14.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     The Defendant intended to harass the Plaintiff by repeatedly causing a telephone to ring and engaging the Plaintiff in conversation, in violation of 15 U.S.C. § 1692d(5).

16.     The Defendant contacted third parties without stating the reason for the contact was to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

17.     The Defendant contacted third parties in regard to the Plaintiff's debt on more than one occasion, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

18.     The Defendant contacted the Plaintiff after 9 p.m. at night, in violation of 15 U.S.C. § 1692c(a)(1).

19.     The Defendant did not send a validation notice to the Plaintiff containing the amount of the debt, the name of the creditor to whom the debt was owed, the Plaintiff's right to dispute the debt, the Plaintiff's right to have verification mailed to him, or the Plaintiff's right to receive the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(1), g(a)(2), g(a)(3), g(a)(4) and g(a)(5).

20.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, *et seq.*

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendant is a "collector" as defined under MD. Code Comm. Law § 14-201(b).

24.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

25.     The Defendant repeatedly contacted the Plaintiff's neighbors about his debt, disclosing information with knowledge that the Plaintiff's neighbors did not have a legitimate business need for the information, in violation of MD. Code Comm. Law § 14-202(5).

26.     The Defendant contacted the debtor at hours known to be inconvenient, calling after 9 p.m. in the evening, in violation of MD. Code Comm. Law § 14-202(6).

27.     The Plaintiff suffered emotional distress and mental anguish as a result of the Defendant's repeated contact.

28.     The Plaintiff is entitled to damages proximately caused by the Defendant's violations.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Maryland state law.

32.     Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to his home during unusual hours and be repeatedly calling Plaintiff's neighbors.

33.     The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

34.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

36.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV

### VIOLATION OF THE MARYLAND STATUTE OF LIMITATIONS
### MD. COURTS & JUD. PROC. CODE ANN. § 5-101 *et seq.*

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The Defendant violated the Maryland statute of limitations by attempting to collect a debt that was more than three years old, in violation of MD. Courts & Jud. Proc. Code Ann. § 5-101.

39.     The Defendant attempted to collect on a debt that was barred by the Maryland Statute of Limitations and, as such, should be prevented from attempting any further collection efforts.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations and intentional, reckless, and/or negligent invasions of

privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 21, 2009

Respectfully submitted,

By  /s/ Andrea Colender

Andrea Colender MD Bar No. 10217
1648 Trawler Lane
Annapolis, MD  21409
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Email: acolender@lemberglaw.com
MD Bar No. 10217

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666